COMMONWEALTH *vs.* UNITED STATES WORSTED COMPANY.

Suffolk.  November 16, 1914. — February 23, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Corporation*, Fee for filing certificate of increase of capital stock, Retirement of preferred stock by exchange for common.

Where a business corporation at a stockholders' meeting has passed two votes under St. 1903, c. 437, § 40, amending its articles of incorporation, one vote providing for a reduction of the authorized common stock from $7,000,000 to $700,000 by decimating the par value of the shares, and the other vote providing for an issue of new common stock in the amount of $4,300,000, $4,000,000 of which is to be given in exchange for preferred stock to be retired and $300,000 of which is to be held in the treasury subject to the vote of the directors, and where it appears that the two votes constituted one transaction resulting in a net reduction of $2,000,000 in the authorized capital stock of the corporation, the corporation is not required, upon filing the amendments with the Secretary of the Commonwealth in accordance with St. 1903, c. 437, §§ 41–43, to pay a fee under § 89 upon the new issue of common stock.

The result mentioned above being arrived at without regard to the proposed exchange of $4,000,000 of common stock for a like amount of preferred stock to be retired, it does not matter whether or not § 40 authorized the corporation to convert its outstanding preferred stock into common stock.

CONTRACT by the Commonwealth against a business corporation organized under the laws of this Commonwealth on November 20, 1912, alleging that on March 26, 1914, the defendant under the provisions of St. 1903, c. 437, §§ 41, 42, filed with the Secretary of the Commonwealth an amendment to its articles of incorporation authorizing an increase of its common stock by the amount of $4,300,000, and on that day paid to the Secretary of the Commonwealth the sum of $150 as a filing fee; that there was due from the defendant on that day as such filing fee the sum of $2,150; and that the defendant owes to the Commonwealth the balance of $2,000 with interest from March 26, 1914. Writ dated May 16, 1914.

In the Superior Court the case was submitted to *Pierce*, J., upon an agreed statement of facts, the substance of which is stated in the opinion. The judge found for the defendant, and at the request of the parties reported the case upon the pleadings and the agreed statement of facts for determination by this court.

If the finding was right, judgment was to be entered for the defendant; otherwise, judgment was to be entered for the plaintiff in the sum of $2,000 and interest.

The case was submitted on briefs.

*T. J. Boynton,* Attorney General, *& A. E. Seagrave,* Assistant Attorney General, for the Commonwealth.

*W. D. Turner & J. D. Colt,* for the defendant.

DE COURCY, J. The agreed statement of facts shows that the defendant was incorporated on November 20, 1912, for the purpose of taking over the assets of three existing companies. Its capitalization was originally $17,000,000, consisting of $6,000,000 first preferred, $4,000,000 second preferred, and $7,000,000 common stock. Upon its incorporation the new company paid the regular fee of one twentieth of one per cent upon this capitalization, which amounted to $8,500. Soon afterwards it was found that the assets of two of the companies which had been taken over were very much less in amount than was represented in the plan; and to meet in part the deficiency in assets thus arising it was deemed necessary and proper to reduce the total capitalization of the defendant corporation.

A stockholders' meeting was held for this purpose on March 21, 1914. The method adopted for effecting a reduction of the capital was to reduce the common stock from $7,000,000 to $700,000 in par value by reducing the par value of each share from $100 to $10, and at the same time to authorize the issue of new common stock amounting to $4,300,000, of which $4,000,000 was to be issued only in exchange for second preferred stock of an equal par value, and the remaining $300,000 was to be held in the treasury, subject to the control of the board of directors. Thereafter, certificates showing both the reduction in the common stock and the authorization of the new issue were filed simultaneously in the office of the Secretary of the Commonwealth, and both votes took effect at the same instant. St. 1903, c. 437, §§ 41–43.

It was provided by § 89 of the business corporation law (St. 1903, c. 437), that "The fee for filing and recording the certificate required by section forty-two providing for an increase of capital stock shall be one fortieth of one per cent of the amount by which the capital is increased." (See now St. 1907, c. 396.) The con-

tention of the Attorney General is that under this statute the defendant became liable to the Commonwealth for a filing fee of $2,150 on the $4,300,000 new common stock authorized by the vote above mentioned.

It appears that when the corporation filed with the Secretary of the Commonwealth a certificate under §§ 41, 42, it paid a filing fee of $150 on the $300,000 of new common stock that is to be held in the treasury. As to the remaining $4,000,000 new common stock, it seems apparent from the vote that the purpose of the corporation was to issue it only in exchange for second preferred stock of an equal par value. And the inference well might be drawn that it was intended to retire the second preferred stock so exchanged, so that there would be in fact no increase of the capital stock (except the $300,000 above mentioned) even if the two votes of the corporation meeting should be considered as representing distinct and independent transactions.

But the short answer to the contention of the Commonwealth is that the votes of the stockholders' meeting represented in substance but one transaction. It is agreed that the result of the two votes taken together, and of the filing of the two certificates as required by the statute, was a net reduction of $2,000,000 in the authorized capital stock of the company below what the original authorized capital had been. The sole purpose of the meeting was to reduce the capitalization. If that purpose had been embodied in a single vote and a single certificate, it would not be contended that the corporation is liable in this action. To hold it liable because two votes were used, which admittedly took effect at the same instant, would be to give consideration to the mere form and not to the substance of what the corporation was doing. The judge of the Superior Court had a right to draw inferences of fact, and he was warranted in finding that there was no increase of capital stock within the meaning of § 89. See R. L. c. 110, § 86.

In view of this conclusion it is unnecessary to consider the question raised by the Attorney General, as to whether § 40 of the statute empowers the corporation to convert outstanding second preferred stock into common stock.

In accordance with the report the entry is to be

*Judgment for the defendant.*