HOOD RUBBER COMPANY *vs.* COMMONWEALTH.

Suffolk.    March 18, 1921. — May 23, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, & JENNEY, JJ.

*Tax,* Excise on corporation. *Corporation,* Taxation, Change of capital stock. *Words,* " Capital stock," " Such increased stock."

The words, " capital stock " and " such increased stock " of a corporation, as used in St. 1903, c. 437, § 40, as amended by St. 1920, c. 349, § 6, mean a genuine addition to the property permanently dedicated to the business enterprise for the prosecution of which the corporation was organized.

If the stockholders of a business corporation, whose authorized capital stock is composed of fifty thousand shares of preferred stock and fifty-five thousand shares of common stock, each share of the par value of $100, fifty thousand shares of the common stock being outstanding, vote to change the authorized shares of the common stock into one hundred thousand "shares of common stock without par value and otherwise having the preferences, voting powers, restrictions, and qualifications of the present outstanding shares of common stock; and that the holders of the shares of outstanding common stock heretofore with a par value of $100 a share shall exchange the same and the certificates therefor for shares of common stock without par value, on the basis of two shares without par value for one share with par value of $100, such shares without par value being issued for and in place of said shares of common stock heretofore outstanding and without any capitalization or impairment of any existing surplus or accumulated and undistributed profits," the carrying out of such vote does not comprise an attempt to increase the capital stock of the corporation, under Sts. 1903, c. 437, § 40; 1920, c. 349, § 6, and does not justify the exaction of an excise tax under Sts. 1903, c. 437, § 89; 1920, c. 349, § 9; c. 598, § 2.

PETITION, filed in the Supreme Judicial Court on December 29, 1920, seeking reimbursement for an excise tax alleged to have been exacted illegally and to have been paid under protest.

Material allegations of the petition are described in the opinion. The Commonwealth filed a demurrer on the grounds (1) that the tax, excise or fee was assessed in all respects according to law, and (2) that the change of capital stock, as certified to by the petitioner, was an increase within the meaning of St. 1920, c. 349, as amended by St. 1920, c. 598.

The demurrer was heard by *Carroll,* J., who ordered it sustained, and, at the request of the parties, reported the case upon the petition and the demurrer for determination by the full court.

*H. E. Warner, P. L. Stackpole & E. C. Bradlee,* for the petitioner, submitted a brief.

*C. R. Cabot,* Assistant Attorney General, for the Commonwealth.

RUGG, C. J.   This is a petition under St. 1909, c. 490, Part III, § 70, for the recovery of an excise alleged to have been exacted unlawfully.   The salient facts are that the petitioner, a business corporation organized under the laws of this Commonwealth, had, prior to October 27, 1920, an authorized capital stock of $10,-500,000, divided into fifty thousand shares of preferred stock, each share having a par value of $100, and fifty-five thousand shares of common stock, of which fifty thousand shares had been issued, each of the same par value.   On October 27, 1920, the stockholders of the petitioner adopted the following vote: " That the present authorized shares of Common Stock in this Corporation with par value of one hundred dollars ($100.) each be and the same are hereby changed into one hundred thousand (100,000) shares of Common Stock without par value and otherwise having the preferences, voting powers, restrictions, and qualifications of the present outstanding shares of Common Stock; and that the holders of the shares of outstanding Common Stock heretofore with a par value of one hundred dollars ($100.) a share shall exchange the same and the certificates therefor for shares of Common Stock without par value, on the basis of two shares without par value for one share with par value of one hundred dollars ($100.), such shares without par value being issued for and in place of said shares of Common Stock heretofore outstanding and without any capitalization or impairment of any existing surplus or accumulated and undistributed profits." An excise was demanded by the Commonwealth for the filing of the proper certificate setting forth these facts, on the theory that the transaction constituted an increase of the capital stock of the corporation subject to tax under the business corporation law, St. 1903, c. 437, §§ 40 and 89, as respectively amended by §§ 6 and 9 of c. 349, St. 1920, the last section being further amended by St. 1920, c. 598, § 2.   Such excise was paid under protest and the present petition is brought to recover it back.   The case has been presented by both sides on the assumption that the money exacted was an excise and not a filing fee and it will be considered and determined on that footing.

The decision turns upon the meaning of the provisions of the

governing sections of the statute. It is provided by § 40 of the business corporation law as amended that " Every corporation may . . . authorize an increase or a reduction of its capital stock and determine the terms and manner of the disposition of such increased stock, or authorize such terms and manner of disposition to be determined in whole or in part by the board of directors or officers of the corporation." These provisions relate to an enlargement of the capital assets of the corporation by the acquisition of such " cash, property, tangible or intangible, services or expenses . . . actually received or incurred by, or conveyed or rendered to, the corporation," for which alone shares for capital stock originally can be issued under St. 1903, c. 437, § 14. See now G. L. c. 156, §§ 14, 15, 16. The words " capital," " capital stock," " shares of capital stock " and " stock " may be used as synonyms or with different meanings dependent upon the context in which they occur and the subject matter to which they are applied. *Wright* v. *Georgia Railroad & Banking Co.* 216 U. S. 420, 424, 425. *Farrington* v. *Tennessee,* 95 U. S. 679, 687. *Wetherbee* v. *Baker,* 8 Stew. 501, 505. *United States Radiator Corp.* v. *State,* 208 N. Y. 144, 149. See *Smith* v. *Dana,* 77 Conn. 543, 552, 553; *Person & Riegel Co.* v. *Lipps,* 219 Penn. St. 99, 109. We are of opinion that in the statute here involved the words " capital stock " and " such increased stock " mean a genuine addition to the property permanently dedicated to the business enterprise for the prosecution of which the corporation was organized.

This record does not present any features of an attempt to conform to these provisions of § 40. No new assets were, or were intended to be, transferred into the treasury of the corporation. The transactions manifested by the vote of the corporation did not add anything to the value of the capital resources of the corporation. Its permanent funds to remain for the uses of its business free from the possibility of distribution of dividends have not been made larger or in any manner affected by the stockholders' vote of October 27, 1920, and the execution of its terms. The property of the corporation will remain the same and the proportional interest of each shareholder in that property also will remain the same. There may be an increase of capital stock manifested by the issuance of shares without par value, and such an issue would be subject to the excise. That, however, is not the

situation shown in the case at bar. There was no effort to issue in disguise a stock dividend, because the vote expressly declared that the shares without par value should be issued simply for and in place of those shares of common stock theretofore outstanding " without any capitalization or impairment of any existing surplus or accumulated and undistributed profits." Upon demurrer, this assertion in the petition must be accepted as true for the purposes of this decision.

The final sentence of § 40, added to it by St. 1920, c. 349, § 6, is in these words: " Any corporation having authorized shares with par value may, at a meeting duly called for the purpose, by the vote of a majority of all its stock, or, if two or more classes of stock have been issued, of a majority of each class outstanding and entitled to vote, including in any event a majority of the outstanding stock of each class affected, change such shares or any class thereof into an equal or greater number of shares without par value, or provide for the exchange thereof *pro rata* for an equal or greater number of shares without par value: provided that the preferences, voting powers, restrictions and qualifications of the outstanding shares so changed or exchanged shall not be otherwise impaired or diminished without the consent of the holders thereof." This provision does not, either by its obvious import or its accurate construction, have anything to do with an increase of capital stock unless possibly when it is used as a cloak for capitalization of surplus, reserves or accumulated profits. See in this connection *Tax Commissioner* v. *Putnam,* 227 Mass. 522; *Eisner* v. *Macomber,* 252 U. S. 189. It expressly authorizes the conversion of existing shares of stock of par value into an equal or greater number of shares without par value. It has no relation to an augmentation of the capital assets of the corporation. The treasury of the corporation is not thereby to be enriched by cash, property, services or the remission of its obligation for expenses, when the provisions of that part of the statute are followed. It is a simple exchange of one token for another token or several other tokens representing the same thing. It is a substitution of one muniment of title for other muniments of title without in any particular affecting, altering, or modifying the nature of the property owned by the corporation. The issuance of a certificate is merely giving evidence of a property interest in the corporation in the " nature of contract

rights or choses in action." *Hawley* v. *Malden*, 232 U. S. 1, 9, 12.
*Bellows Falls Power Co.* v. *Commonwealth,* 222 Mass. 51, 57, 58.
That property interest exists and may be enforced even though no
certificate of stock be issued. *Old Dominion Copper Mining &
Smelting Co.* v. *Bigelow*, 203 Mass. 159, and cases collected at page
198.    In the case at bar the number of shares of stock has been in-
creased. The capital stock remains the same. The number of
fractions into which it is divided alone is increased. This is not a
case where, after the change from stock with a par value to stock
without par value there has been an increase in the capital assets
by the issuance of further stock without par value.

The authority for the collection of an excise is in § 89 as amended,
and is conferred in these words: " The fee for filing and recording
the certificate required by section forty-two providing for an in-
crease of capital stock shall be one twentieth of one per cent of the
amount of stock with par value and five cents a share for all shares
without par value, by which the capital is increased, but not in any
case less than twenty dollars." These relate plainly only to actual
additions to the capital stock, that is, to fresh contributions of
money or its equivalent to the permanent funds with which the
corporation may conduct its business, or to the capitalization of
the surplus or undivided profits, whether manifested by the is-
suance of shares of stock with or of shares of stock without par
value. These words do not include the simple changing of shares
with par value into shares without par value, when there is no
accession to the assets of the corporation such as is authorized by
the sentence, already quoted, put at the end of § 40 by St. 1920,
c. 349, § 6. These words are not susceptible of the meaning that the
excise is to be levied upon the issuance of shares of stock without
par value, unaccompanied by any actual addition to the capital
of the corporation, in place of shares with par value thereby ex-
tinguished whether in number larger than, or equal to, the pre-
existing par value shares. The simple issue of shares of stock,
whether the same or greater in number as compared with those
theretofore authorized or issued, is not made subject by the
statute to the excise. It is only the increase of capital stock on
which the statute requires the excise to be levied.

The provisions of St. 1918, c. 235, which fix $100 as the value of
shares of stock without par value in foreign corporations for the

purpose of calculating the excise to be levied upon such corporations for the privilege of doing a domestic business in this Commonwealth, interpreted in *American Uniform Co. Inc.* v. *Commonwealth,* 237 Mass. 42, have no relevancy to the case at bar.

It follows that, because there was no increase of capital stock of the petitioner, there was no ground for the imposition of the excise exacted from it in behalf of the Commonwealth. This conclusion is in harmony with *Commonwealth* v. *United States Worsted Co.* 220 Mass. 183.

The only fee to which the Commonwealth was entitled was that of $10 required by § 90 of the business corporation law, as amended by St. 1920, c. 598, § 3, which it is alleged in the petition was tendered by the petitioner and refused.

An interlocutory decree should be entered overruling the demurrer. If the Attorney General desires, answer to the merits may be filed. If an answer is filed admitting the material allegations of the bill, or if no answer is filed, it is to be adjudged that the entire amount of said excise, less $10 lawfully due as a fee under St. 1920, c. 598, § 3, was illegally exacted, and final decree is to be entered therefor with interest and costs in accordance with St. 1909, c. 490, Part III, § 71.

*So ordered.*