OLYMPIA THEATRES, INC. *vs.* COMMONWEALTH.

Suffolk.   March 18, 21, 1921. — May 23, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, & JENNEY, JJ.

*Tax,* Excise. *Corporation,* Taxation, Increase of capital stock, Stock of no par value.

The stockholders of a corporation with an authorized capital stock of $7,000,000, divided into thirty thousand shares of preferred stock, par value $100 per share, and eighty thousand shares of common stock, par value $50 per share, passed a vote "That the par value of the present authorized common stock of this corporation, consisting of eighty thousand shares, be and it hereby is changed from $50 per share, to shares without par value, this change in par value to take effect

November 4, 1920;" and a further vote " That the capital stock of the corporation be increased from eighty thousand shares without par value, to two hundred and fifty thousand shares of stock without par value by the addition of one hundred and seventy thousand shares of stock without par value to the present authorized common capital stock, said additional stock to be issued on or after November 4, 1920." Votes also were passed amending the agreement of association and the articles of organization of the corporation to conform to the changes wrought by the two votes just described. *Held,* that

(1) The carrying out of the first vote did not effect an increase of capital stock under Sts. 1903, c. 437, § 40; 1920, c. 349, § 6, and did not justify the exaction of an excise tax under Sts. 1903, c. 437, § 9; 1920, c. 349, § 9, c. 598, § 2;

(2) The first vote was complete and definitive and an entity in itself;

(3) The carrying out of the second vote effected, under Sts. 1903, c. 437, § 40; 1920, c. 349, § 6, an increase in the capital stock of the corporation of one hundred and seventy thousand shares of no par value and justified the exaction under Sts.˙ 1903, c. 437, § 89; 1920, c. 349, § 9, c. 598, § 2, of an excise of $8,500;

(4) It was of no consequence, as bearing upon the assessment of the tax, how the stockholders proposed to dispose of the additional shares of common stock of no par value;

(5) A certificate filed by the officers of the corporation containing statements of terms of disposing of the one hundred and seventy thousand shares of common stock of no par value varying from those stated in the vote, had no bearing upon the legal effect of the votes.

PETITION, filed in the Supreme Judicial Court under St. 1909, c. 490, Part III, § 70, on December 24, 1920, and afterwards amended, seeking reimbursement for an excise tax alleged to have been illegally exacted and to have been paid under protest.

Material allegations of the petition are described in the opinion.

The Commonwealth demurred on the grounds (1) that the excise, tax or filing fee was assessed in all respects according to law; and (2) that the change of capital stock, as certified to by the petitioner, was an increase within the meaning of St. 1920, c. 349, as amended by St. 1920, c. 598.

The demurrer was heard by *Carroll,* J., who ordered it sustained and reported the case for determination by the full court.

*P. D. Turner,* for the petitioner.

*C. R. Cabot,* Assistant Attorney General, for the Commonwealth.

RUGG, C. J.  This is a petition under G. L. c. 63, § 77, for the abatement of an excise levied under St. 1920, c. 349, § 9, and c. 598, § 2, amending earlier acts. The decisive facts in this case are that the petitioner, a Massachusetts corporation, had prior to November, 1920, an outstanding and authorized capital of $7,000,000, divided into thirty thousand shares of preferred stock,

each share of a par value of $100, and eighty thousand shares of common stock, each share of a par value of $50. On November 4, 1920, the corporation adopted the following votes: "'That the par value of the present authorized common stock of this corpo-; ration, consisting of eighty thousand (80,000) shares, be and it hereby is changed from Fifty Dollars ($50) per share, to shares without par value, this change in par value to take effect November 4th, 1920." On the same date this further vote was adopted: "That the capital stock of the corporation be increased from eighty thousand (80,000) shares without par value, to two hundred and fifty thousand (250,000) shares of stock without par value by the addition of 170,000 shares of stock without par value to the present authorized common capital stock, said additional stock to be issued on or after November 4, 1920." Votes also were passed amending the agreement of association and the articles of organization of the corporation to conform to the changes wrought by the two votes just described. "Articles of Amendment" and "Articles of Amendment of Increase of Capital Stock" thereupon were prepared in accordance with St. 1903, c. 437, §§ 41, 42, and acts in amendment and in addition thereto, and offered for filing with the proper officers of the Commonwealth, and the sum of $8,500, being five cents per share on the one hundred and seventy thousand shares by which the shares of common stock without par value had been increased, as required by St. 1920, c. 598, § 2, was tendered by the petitioner, but the sum of $10,500, being five cents per share on the one hundred and seventy thousand shares of increase of common stock without par value, and five cents per share on one half of the eighty thousand shares without par value issued in place of the previously issued eighty thousand shares, each with a par value of $50, was exacted by the officers of the Commonwealth. Apparently the theory, on which the $2,000 in excess of the $8,500 tendered was exacted, was that the shares without par value in effect were worth or should be treated on the footing of a value of $100 per share, and hence that by the issue of eighty thousand shares without par value there had been an increase of capital stock equivalent to forty thousand shares more than the capital stock represented by the previously existing eighty thousand shares each of a par value of $50.

Any theory by which an excise was exacted for the change of the

eighty thousand shares of common stock, each with a par value of $50, into an equal number of shares without par value, was unsupported by the statutes then in existence. That is settled by *Hood Rubber Co.* v. *Commonwealth, ante,* 369, just decided.

It was assumed in argument by the Attorney General that no question is open concerning the validity of the excise amounting to $8,500 tendered by the petitioner. Without passing upon that preliminary point, see *Sears* v. *Nahant,* 221 Mass. 437, 442, *Milford Water Co.* v. *Hopkinton,* 192 Mass. 491, 498, the contention of the petitioner is considered on its merits.

The first vote of the corporation already quoted shows that the change of the shares of common stock with a par value outstanding prior to November 4, 1920, was to be made into an equal number of shares without par value. These shares with par value were changed to shares without par value. That was one vote. It was complete and definitive. It was an entity. It stood alone. It conformed exactly to the terms of St. 1920, c. 349, § 6. It was not a vote changing the existing eighty thousand shares with par value into two hundred and fifty thousand shares without par value. It was a vote different in kind. A second vote was adopted by the stockholders, to the effect that " the capital stock of the corporation be increased from eighty thousand (80,000) shares without par value to two hundred and fifty thousand (250,000) shares of stock without par value." It would be difficult to phrase a vote more clearly and unequivocally expressive of intention to conform to the first sentence of § 40 of the business corporation law as amended by St. 1920, c. 349, § 6. It constitutes an increase of the capital of the corporation. It provides for an addition to its funds permanently devoted to the conduct of its business. Being without par value, it was subject to the excise of five cents per share. It is of no consequence in this connection how the corporation proposed to dispose of that increase of capital stock. There is nothing in the record to show that the stockholders took any action as to that matter. Under the terms of the statute, it was for the stockholders alone to decide how the increased shares should be disposed of or to authorize the directors or officers of the corporation to make such decision. But the stockholders, having provided for an increase of capital stock, by votes of indubitable clarity of language, the corporation became

liable to the excise of $8,500, which was the sum tendered by it to the officers of the Commonwealth. The case at bar is distinguishable on this point from *Commonwealth* v. *United States Worsted Co.* 220 Mass. 183.

A certificate signed by the president, treasurer, and a majority of the directors of the petitioner, and filed with the commissioner of corporations, contained the statement " That the amount of additional capital stock authorized is . . . 170,000 shares common. Of which there is now to be issued and paid for stock as follows. . . . In . . . Personal Property . . . Stocks and securities, In exchange three (3) shares of Common Capital Stock, without par value, for one (1) share of Common Capital Stock of this corporation, par value Fifty Dollars ($50.) each, outstanding and of record November 3rd, 1920." This certificate has no bearing upon the issues raised on this record. It does not appear to have conformed to any vote of the stockholders. Without commenting on it further, it is enough to say that it cannot affect in any degree the right of the Commonwealth to the excise to which it became entitled by virtue of the votes of the corporation already quoted.

An interlocutory decree should be entered overruling the demurrer. If the Attorney General desires, answer to the merits may be filed. If an answer is filed admitting the material allegations of the bill or if no answer is filed, it is to be adjudged that $2,000 of said excise was illegally exacted and final decree is to be entered therefor with interest and costs in accordance with G. L. c. 63, § 78.

*So ordered.*