[S. F. No. 11733. In Bank.—March 29, 1926.]

LAND DEVELOPMENT COMPANY et al., Petitioners, v. FRANK C. JORDAN, as Secretary of State, etc., Respondent.

[1] CORPORATIONS — NONPAR STOCK — VOTING RIGHTS—CONSTITUTIONAL LAW.—Section 12 of article XII of the state constitution, relating to the voting rights of stockholders in elections for directors or managers of corporations, is not violated by an entire issue of nonpar stock by a corporation.

[2] ID.—STOCKHOLDERS' LIABILITY—COMPUTATION ON SHARE BASIS—CONSTITUTIONAL LAW.—Section 3 of article XII of the state constitution does not require that the individual liability of stockholders to creditors of the corporation be ascertained and computed solely on a monetary basis, but it may be computed on either a monetary or share basis; and the provisions of said section are not violated by an entire issue of nonpar stock by a corporation.

---

(1) 14 C. J., p. 393, n. 28.  (2) 14 C. J., p. 393, n. 28.

PROCEEDING in Mandamus to compel the Secretary of State to file articles of incorporation providing for an entire issue of no par stock. Peremptory writ issued.

1.  See 6 Cal. Jur. 741.
2.  See 6 Cal. Jur. 998.

The facts are stated in the opinion of the court.

Arnold C. Lackenbach for Petitioners.

U. S. Webb, Attorney-General, and Robert W. Harrison, Deputy Attorney-General, for Respondent.

LAWLOR, J.—Petition for a writ of mandate.

It appears from the petition of the Land Development Company, H. Grecian, M. D. Steen, and Frederic C. Benner, that on the seventh day of August, 1925, they presented to the respondent Secretary of State certain articles of incorporation, accompanied by the requisite filing fees, with the request that said articles be filed. The Secretary of State did then and there refuse, and ever since has refused and declined, to file the said corporate articles and advanced the following reasons for such refusal: (1) That this court, in *Del Monte Light & Power Co.* v. *Jordan,* 196 Cal. 488 [238 Pac. 710], has held section 290b of the Civil Code unconstitutional in so far as it purported to authorize the issuance of par and nonpar stock by the same corporation; and (2) That the proposed articles of incorporation violate sections 3 and 12 of article XII of the constitution, which require corporations to have shares of a "single par value."

The articles of incorporation presented to the Secretary of State for filing provide for an entire nonpar issue of stock. The question then is, whether or not such entire issue of nonpar stock by a corporation would be in conflict with the principles announced in *Del Monte Light & Power Co.* v. *Jordan, supra,* and in violation of sections 3 and 12 of article XII of the constitution.

It will aid in the solution of the question presented to set forth the respective contentions at some length.

Petitioners urge "that the requirements of Sections 290 and 362 of the Civil Code requiring the preferred and common shares to be of the same par value can only have application to the stock structure of a corporation composed of *more than one class of stock.* It is evident that the only thought in the mind of the Legislature at the time of the enactment of this statute was to prevent a mixture in a corporation, a certain par value for the preferred stock and a differ-

ent par value for the common stock. And this because of the difficulties such a mixture would lead to, as pointed out in the case of *Film Producers, Inc.,* v. *Jordan,* 171 Cal. 664 [154 Pac. 605]. . . .

"The whole idea of the nonpar value stock statute is to abolish (a) capital stock, (b) divided into shares; for a capital stock stated in terms of dollars compel the capital stock to be divided into shares stated also in terms of dollars. In corporations having all nonpar value stock the participation is not to be expressed in dollars, but in an aliquot part of the assets of the corporation.

"By reason of the fact that each share of stock in the proposed corporation represents the same aliquot part of the assets of the corporation, it is manifest that *all of the shares have the same par value.*

"The proposed articles of incorporation do not violate section 12 of Article XII of the State Constitution or Section 307 of the Civil Code. . . .

"Each share, representing the *same* aliquot part of the net value of the corporation's property, is given *exactly* the same voting power. . . .

"None of the objections pointed out in the Film Producers' or Del Monte Light & Power cases are present in the instant case.

"The proposed articles of incorporation do not violate section 3 of Article XII of the Constitution or section 322, Civil Code. . . .

"The nonpar stock statute makes no provision for capital stock and therefore the provision in section 3 of Article XII of the Constitution which makes a stockholder liable in the proportion that the (monetary) amount of stock owned by him bears to the whole subscribed (monetary) capital stock has no application.

"Section 290e of the Civil Code expressly provides that the liability is as the number of shares owned by the stockholders bears to the whole number of shares.

"Again we find that the conclusions of the Supreme Court in the Film Producers' and Del Monte Light & Power cases have no application to the case at bar. In each of those cases the stock structure of the corporation was composed of *two* classes of stock with different par values and

therefore it became impossible to determine the liability of the respective stockholders."

On the other hand, it is contended by the attorney-general on behalf of the Secretary of State that "while in such a case [involving an entire issue of nonpar stock] the shares have the same voting right and represent equal interests, there is no way of determining the liability of each share, not because it is not possible to do so by applying the Constitutional formula upon the numerical basis, but because the Constitution requires that formula to be applied upon a monetary basis, and as there is no monetary basis upon which it can be applied, the shares being all of no par value, the stockholder's liability cannot be attached in the manner required by the Constitution and hence such corporate stock structure is not permissible to a California corporation."

Continuing, the attorney-general states "it is *not* our contention that California corporations must have a capital stock—we fully recognize the power of the legislature to provide for corporations without capital stock, as it has done, for example, in sections 653 et seq. of the Civil Code. We do, however, contend that in authorizing the formation of corporations with a capital stock the legislature must recognize the demands of section 3 of article XII and must require that the shares of stock shall have a monetary value, and that it cannot sanction a stock structure which will not permit of the application of that constitutional provision upon a monetary basis.

". . . We submit, therefore, that the true construction of the language of that section in the light of its history and the intent of its framers requires that the formula therein declared be applied upon a monetary basis."

As to the petitioners' final point, that section 12 of article XII of the constitution is not violated by the creation of a corporation having all nonpar stock, it is answered by the attorney-general that "We may admit that section 12 may be given due application if such stock otherwise satisfies the provisions of section 3."

Before passing on the main question it will be well to make clear that the opinion of this court in *Del Monte Light & Power Co.* v. *Jordan, supra,* did not decide or attempt to decide whether or not the constitution requires all corporate shares to have a par value, for that question

was not presented. Indeed, the attorney-general apparently appreciates this fact as evidenced by the following quotation from his brief: "Counsel for petitioners states in his brief that the case of *Del Monte Light & Power Co.* v. *Jordan* does not hold that all corporate shares must have a par value. While it is true that in the opinion in that case the court used the expression 'single par value' and subsequently at the oral argument in the present case the Chief Justice stated in effect that it was not thereby intended to lay stress upon the word 'par,' but rather thereby to signify the requirement of one value, yet it certainly was not held in that case, nor suggested at the oral argument in this case, that the shares need not have a stated monetary value."

We quote portions of sections 3 and 12 of article XII of the constitution:

"Sec. 3. Each stockholder of a corporation, or joint-stock association, shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock, or shares of the corporation or association. . . .

"Sec. 12. In all elections for directors or managers of corporations every stockholder shall have the right to vote, in person or by proxy, the number of shares of stock owned by him, for as many persons as there are directors or managers to be elected, or to cumulate said shares and give one candidate as many votes as the number of directors multiplied by the number of his shares of stock shall equal, or to distribute them, on the same principle, among as many candidates as he shall think fit; . . . "

[1] We find nothing in section 12 to support a claim that its terms would be violated by an entire issue of nonpar stock by a corporation. The provisions of said section may be given effect in a corporation having all nonpar stock. As already indicated, this seems to be conceded by the attorney-general, for he states that "We may admit that section 12 may be given due application if such stock otherwise satisfies the provisions of section 3."

[2] The issue would then seem to reduce itself to the proposition whether or not the provisions of section 3 of

article XII of the constitution would be violated by an entire issue of nonpar stock.

We are not in accord with the attorney-general's interpretation of this latter section. In our view the terms of the section do not require that the individual liability of stockholders to creditors of the corporation be ascertained and computed solely on a monetary basis. It may be computed on either a monetary or share basis. The requirements of this constitutional section are complied with when *each share* of a corporation represents the *same interest as every other share* and there is a *unity* of liability as between all of the shares.

If the entire issue of a corporation is nonpar each share will carry with it an equality of interest and each stockholder thereof will be liable to the creditors of the corporation as the number of shares held by him bore to the whole number of shares outstanding when the debt was contracted by said corporation. Obviously no inequality of liability would result from such a computation. There would, unquestionably, be a unity of liability as between the outstanding shares.

In our view the very language of section 3 suggests an alternative method of computing a stockholder's liability and does not attempt to confine such computation to a monetary basis. A stockholder is liable to the creditors of the corporation "as the amount of stock *or shares* owned by him bears to the whole of the subscribed capital stock, *or shares* . . . " It would seem from the quoted portion of the section that *both a monetary and a numerical or "share-basis"* method of computation of stockholder's liability are authorized.

The attorney-general admits "that when all the shares are of no par value it is mathematically possible to apply the formula on the numerical basis and produce a proportionate liability for each share while at the same time maintaining an equality of interest, voting right and liability, . . . " but contends "it is not possible to apply the formula upon a monetary basis when the shares have no par value." In view of our construction that the constitutional section is complied with when each share represents an identical interest and there is a unity of liability as between the shares, this latter contention of the attorney-general would seem

to be without merit. The method of computation is secondary so long as there exists a unity of liability.

Neither *Film Producers, Inc.,* v. *Jordan, supra,* nor *Del Monte Light & Power Co.* v. *Jordan, supra,* is in conflict with this view. Those cases, in effect, merely hold that in this state every share of a corporation must be of the same value in order to represent that equality of interest and to give rise to that unity of liability required by the constitution. As already stated, the decisions in those cases did not pass upon the point whether the shares must all be of the same *par* value or whether they might all be nonpar shares.

For the foregoing reasons the writ of mandate is made peremptory. Let such writ accordingly issue.

Richards, J., Waste, C. J., Shenk, J., and Seawell, J., concurred.