(No. 966—Claim awarded $6,941.25.)

ALTORFER BROS., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 26, 1927.*

FRANCHISE TAX—*when paid under duress may be refunded.* Where the franchise tax has been paid under legal duress it may be recovered.

SAME—*how payment under determined.* Whether the payment of the tax was made under duress may be determined from the surrounding facts and circumstances. A written letter of protest is unnecessary to preserve the tax payers' rights.

SAME—*written protest. Act of 1923.* The act of 1923 providing for the holding of moneys thirty days where paid under written protest did not abrogate the common law rule that payment under duress or compulsion may be recovered, but only provides an alternative procedure where payments are made under written protest.

ADDITIONAL INITIAL FEES—*how assessed.* Additional initial fees should be assessed upon the increase of the capital stock of the corporation.

CONSTRUCTION OF STATUTES—*when court will construe statute.* The Court of Claims has the right to construe a statute when its construction is necessary to enable the court to perform its duty in determining the legality of a claim before it for consideration.

PAUL O'DONNELL, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The claim filed herein is for a return or award of excess franchise taxes and initial fees paid by the claimant prior to

the year 1923. The facts are not in dispute, and only questions of law are involved herein.

The claimant is entitled to a refund of $4,156.25 under the ruling of the Supreme Court in the case of *People, ex rel, Roberts & Schaefer,* v. *Emmerson,* 305, Ill. 348, provided this court decides that the payments made by this company were involuntary. The Attorney General, in his very able brief, has contended that this claimant cannot recover on this item because no written letter of protest was filed with the payment or payments making up the total excess amount above set forth. The Supreme Court of Illinois, in the *Illinois Glass Company* v. *Chicago Telephone Company,* 234 Ill. 535, expressly holds that "compulsion may appear from the circumstances and not from any expression of unwillingness or protest against the payment." The same court, in a large number of cases involving the claims for return of taxes paid to various local taxing bodies, has repeatedly held that payments made under duress or compulsion are involuntary and that no letter of protest is necessary in order to prove that the payment was involuntary and that said fact may be determined from the surrounding facts and circumstances. From the facts in this case, and especially from the drastic provisions of the General Corporation Act, this court is of the opinion that the payments were not made voluntarily by the claimant, but were made under duress. The facts in the case of *Swi* v. *United States,* Ill. U. S., page 22, which was an appeal from the Court of Claims to the United States Supreme Court, were very similar to the facts in this case, and the Supreme Court of the United States in that case held that a written letter of protest was unnecessary to preserve the taxpayers' rights, where the statute did not make such a letter a condition precedent to the recovery of the tax. No provision of the statutes of the State of Illinois required that money sought to be recovered must be paid under protest prior to the year 1923. There was, in the year 1921, enacted a statute which did provide for a special procedure if the moneys were paid under a written letter of protest, but that statute apparently reserved to this court the jurisdiction of determining the same claim by the procedure usually followed in this court. The statute did not do away with the common law rule that payment under duress or compulsion may be recovered, but provided an alternative procedure where payments were made under written protest. In the year 1923 this statute, enacted

in 1921, was repealed.   A new statute was passed in 1923 which provided for the holding of money paid under written letter of protest for a period of thirty days so as to enable the protesting taxpayer to bring his protest to the notice of a court of record by a proper injunction proceeding.  The Attorney General has ably argued that this statute establishes a procedure for testing these questions and recovering illegal taxes in courts of record, and that this court should refuse to take jurisdiction of such claims, where the claimant might have gone into a court of record and litigated his claim there against a State officer having custody of the funds.   There is a great deal to be said in favor of the argument advanced by the Attorney General, however, the payments involved in these claims were all made prior to the enactment of the statute of 1923, and his argument, therefore, has no weight in this particular case.

The second point involved in this case is a question of the right of this claimant to recover the sum of $2,335.00, which it paid as additional initial fees and which it claimed were not required to be paid by the statute, but were collected by the Secretary of State and paid by the claimant under compulsion and duress.  The facts with reference to the compulsion and duress were practically identical with those we have discussed above, and we reach the same conclusion as to that point as we did above with reference to the excess annual taxes paid. There is the further defense urged by the Attorney General as to this item which is not urged as to the annual tax.   The Attorney General claims that this court has no right to construe the statute of the State of Illinois and determine its meaning.   In this case the Secretary of State construed the General Corporation Act to mean that wherever a corporation changed its shares from par value into no par value, even though it did not increase either expressly or actually or theoretically its authorized capital stock, nevertheless, since it did increase its shares and change them from par to no par, that the statute provided for an additional initial fee based upon authorized capital stock computed by multiplying the non par shares $100 each.   The statute says quite plainly that the additional initial fee shall be assessed upon increases in the capital stock.   It also says that where the company has non par stock or shares, such shares shall be considered of the par value of $100 each.   This same question was before the Supreme Court of Massachusetts in the case of *Hood Rub-*

*ber Co.* v. *Massachusetts,* 131 N. E. 201. The court, in that case, in a very well-reasoned opinion, construed the statute to mean that all the actual increases of the capital stock were meant by the legislature to be subject to the assessment of an additional initial fee. The act in Massachusetts was quite similar to the act here in Illinois.

We believe that the complainant's construction of the statute is correct and that the Secretary of State assessed this company an excess amount as additional initial fees. This court has the right to construe a statute when its construction is a necessary function for this court to perform in passing upon and determining a claim presented to it. The conclusion of this court, therefore, is that the State of Illinois should, in equity and good conscience, repay to the claimant the total sum claimed by him, amounting to $6,941.25, and such sum is hereby awarded.