RANDAL JAQUES v. MISSABE ELECTRIC COMPANY AND OTHERS.[1]

July 22, 1927.

No. 26,302.

**Statute authorizing issue of nonpar stock does not violate constitutional provision for double liability of stockholders.**

1. L. 1925, c. 333, authorizing corporations to issue nonpar stock, does not contravene art. 10, § 3, of the state constitution.

**Courts will not interfere when majority stockholders decide to issue nonpar stock.**

2. Whether a corporation is to exchange its capital stock for an issue of nonpar stock rests in the judgment of the majority stockholders and the courts will not interfere therewith at the instance of a minority stockholder.

Constitutional Law, 12 C. J. p. 737 n. 5.
Corporations, 14 C. J. p. 972 n. 93, 4; p. 977 n. 58; 14a C. J. p. 340 n. 50.

See note in 19 A. L. R. 131; 36 A. L. R. 791; 45 A. L. R. 1502; 7 R. C. L. 203; 4 R. C. L. Supp. 475.

Plaintiff appealed from an order of the district court for St. Louis county, Magney, J., sustaining the demurrer of the defendants to the complaint. Affirmed.

*Jaques & Hudson,* for appellant.

*Washburn, Bailey & Mitchell,* for respondents.

[1]Reported in 215 N. W. 185.

WILSON, C. J.

Appeal from an order sustaining defendants' demurrer.

Defendant company has a capital stock of 500 shares of the par value of $100 each. Plaintiff seeks to restrain defendants from issuing 1,000 shares of nonpar value stock, exchanging two shares of the latter for each outstanding share of the par value stock. No increase in the capital assets nor in the capital stock is contemplated.

1. Plaintiff claims that L. 1925, p. 412, c. 333, conflicts with art. 10, § 3, of the Minnesota constitution, which in part reads:

"Each stockholder in any corporation, * * * shall be liable to the amount of stock held or owned by him."

This language is the basis for the stockholder's double liability in Minnesota which is self-executing. Every stockholder becomes liable for the debts of the corporation in an amount measured by the par value of his stock. Converse v. Hamilton, 224 U. S. 243, 253, 32 S. Ct. 415, 56 L. ed. 749, Ann. Cas. 1913D, 1292; Bernheimer v. Converse, 206 U. S. 516, 529, 27 S. Ct. 755, 51 L. ed. 1163; Northwestern Trust Co. v. Bradbury, 117 Minn. 83, 88, 134 N. W. 513, Ann. Cas. 1913D, 69.

Nonpar value stock laws have been held constitutional. Randle v. Winona Coal Co. 206 Ala. 254, 89 So. 790, 19 A. L. R. 118; Land Dev. Co. v. Jordan, 198 Cal. 346, 245 P. 187.

The purpose of our constitutional double liability is to protect creditors. The liability relates primarily to the date of the original issue. Prior to the enactment of the law now under consideration stock could not be issued for less than the par value. G. S. 1923, § 7480. Hence under the language of the constitution we have accepted par value as the equivalent of the "amount of stock" held or owned. The constitution does not expressly state that the stock must have a par value. The subsequent act of the legislature, L. 1925, p. 412, c. 333, authorizes the issue of nonpar value stock. Section 10 thereof reads:

"For the purpose of determining the amount of stock held or owned by any stockholder, shares without par value shall be computed at the value, at the time of issue, of the cash, property, services or expenses for which they were issued, but not including paid in surplus."

There is no abstract justice in having par value determine the amount of the stockholder's liability. It was a simple and easy method of determining the amount of such liability. But inconvenience is not the test of constitutionality. Nonpar stock certificates evidence the fact that the original holders thereof have contributed to the capital. The amount of this contribution to capital is not difficult to prove. Such stock in itself is notice to the buyer, as well as to the creditor, that he must ascertain what it in truth represents. Possibly it puts the burden of valuation on the investor. When an assessment is required personal liability can be ascertained by establishing the amount for which such stock was issued. A share of nonpar value stock represents an aliquot interest in the money and assets constituting its capital. Under the old law the par value was necessarily the amount paid at the time of issue since the statute prohibited the sale of stock for a lesser amount. The mere fact that shareholders may be subjected to an assessment in different amounts per share has no bearing upon the constitutionality of the law. We observe nothing in the nonpar value stock law in contravention of the provisions of our constitution and are of the opinion that the courts will be able to base the assessment upon the "amount of stock held" as contemplated by the constitution. 10 Minn. Law Rev. 235.

2. Plaintiff's claim that the proposed change involves useless expense is grounded upon the assertion that it will require the payment of a filing fee. If the issuance of the nonpar value stock does not increase the capital assets, no additional filing fee is required. Hood Rubber Co. v. Commonwealth, 238 Mass. 369, 131 N. E. 201. Suppose the corporation owns assets of the value of $100,000 represented by stock of the par value of $50,000. In this event the corporation with its proposed plans consummated would have a non-

par stock issue with a capital of $100,000, but it would then have paid a filing fee upon a capital of $50,000 only. Perhaps the illustration is not pertinent in that it may involve an increase in capital which is not present in the instant case.

However, the state is not a party to this action and is not bound by the decision herein. It is sufficient for present purposes to say that the proposed change and the fees incident are matters of business policy resting in the judgment of the majority stockholders. This action does not involve an act which is ultra vires, illegal or fraudulent. The question involved is purely one of business management, with which the courts will not interfere at the instance of a minority stockholder. Mortgage Land Inv. Co. v. McMains, supra, p. 110.

Affirmed.