WILLIAM M. FRANKS *vs.* FRANKS BROS. COMPANY.

Essex.     February 3, 1930. — March 25, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Corporation,* Amendment of agreement of association, Stockholder.

A stockholder in a Massachusetts corporation, who voted against an amendment of the corporation's agreement of association and articles of incorporation changing the nature of its business, in order to enforce by a suit in equity, after the adoption of such amendment, the remedy

given him by G. L. c. 156, § 46, must allege and prove as a material fact not only that the articles of amendment were adopted in accordance with § 42 of that chapter but also that they were approved by the commissioner of corporations and taxation and filed with the Secretary of the Commonwealth, as required by § 43.

BILL IN EQUITY, filed in the Superior Court on May 23, 1929, and described in the opinion.

The defendant demurred. The demurrer was heard by *F. T. Hammond,* J., and was sustained; and the bill was dismissed. The plaintiff appealed.

*R. C. Baldes,* for the plaintiff.

*P. R. Clay,* for the defendant.

PIERCE, J. This is an appeal from an interlocutory decree sustaining the defendant's demurrer to the plaintiff's bill of complaint, and from the final decree dismissing the bill with costs.

In substance, the bill alleges that the defendant is a corporation organized under the laws of the Commonwealth of Massachusetts; that the purposes for which it was organized are "To buy, to reclaim, to renovate, to manufacture, to sell and generally to deal in any and all commodities which lawfully may be produced, vended or dealt in under the laws of this Commonwealth, and to acquire and operate such stores, factories, depots and warehouses as may be appropriate and requisite to carry on any such business enterprise"; that on or about April 1, 1929, the defendant corporation issued a call for a special meeting of the stockholders to be held on April 8, 1929, at nine o'clock A.M. to consider and act upon the following matters: "Whether the stockholders will vote to amend the agreement of association and articles of incorporation of said company in respect of the nature of the business of the corporation by adding to the clause or paragraph therein defining the purposes of the corporation and the nature of the business to be transacted by it, the following: To lease or sublet any land or buildings or portions thereof which the corporation may now own or shall hereafter acquire, and to invest the funds or other assets of the corporation in the purchase of the securities of any cor-

poration or voluntary trust association which may be engaged in a similar or competitive line of business"; that pursuant to said call a special meeting of the stockholders, at which the plaintiff was present, was held on April 8, 1929; that at said meeting two hundred shares of stock, being two thirds of the stock issued and outstanding, were voted in favor of the proposed amendment to the agreement of association and articles of incorporation of the defendant corporation; that one hundred shares owned by the plaintiff were voted against the proposed amendment and such vote was duly recorded at the request of the plaintiff; that in accordance with G. L. c. 156, § 46, on May 6, 1929, the plaintiff made a demand on the defendant corporation for payment for his stock; that such demand was made within thirty days after the date of said meeting; that the plaintiff has been ready and willing and has offered to take such further action as is prescribed by G. L. c. 156, § 46, for valuation or appraisal of the plaintiff's said shares but the defendant corporation has neglected and refused and still neglects and refuses to take any action in connection therewith and refuses to recognize the rights of the plaintiff in the premises in any way whatsoever; and that on or about May 11, 1929, the plaintiff appointed an appraiser in accordance with the statute above referred to, and has duly notified the defendant to that effect, but the defendant has refused to appoint an appraiser or to pay the plaintiff the value of his shares.

The prayers of the bill are (1) that the plaintiff's claim against the defendant be established, the amount thereof to be established, and the defendant be ordered to pay the same; and (2) that the defendant be ordered to appoint an appraiser and otherwise comply with the provisions of G. L. c. 156, § 46.

The defendant demurred on the ground that the bill "does not set forth or allege that the change in or amendment of the agreement of association and articles of organization of the defendant corporation, of which the plaintiff complains, ever became effective by filing with the com-

missioner within thirty days of the meeting held April 8, 1929, the articles of amendment required by the provisions of section 43 of chapter 156 of the General Laws."

The bill nowhere alleges that the adopted amendment was within thirty days of the meeting held on April 8, 1929, or thereafter submitted to the commissioner of corporations for examination; that the commissioner examined the adopted articles of amendment signed and sworn to by the president, treasurer and a majority of the directors; that he found that they conformed to the requirements of law and indorsed his approval thereon. Nor does the bill allege that the articles of amendment were filed in the office of the State secretary with the payment of the fee provided in G. L. c. 156, § 54 or § 55, as the case may be.

The question raised by the demurrer is, Must a minority stockholder, to enforce the remedy given him by G. L. c. 156, § 46, prove, as a material fact and therefore allege in his bill of complaint, not only that the articles of amendment were adopted in accordance with G. L. c. 156, § 42, but also that they were approved by the commissioner and filed as is provided shall be done in G. L. c. 156, § 43. We think the question is answered affirmatively by the concluding clause of § 43 which reads: "No such amendment or alteration shall take effect until such articles of amendment shall have been filed as aforesaid."

The contention of the plaintiff, that so far as the rights of stockholders under G. L. c. 156, § 46, are concerned the vote of the stockholders in accordance with § 42 results in a *de facto* if not a *de jure* amendment of the agreement of association, and therefore gives the dissentient stockholder a right for payment of his stock, is unsound, for the reason, if no other, that the amendment does not take effect, and therefore is not "duly voted," until the provisions of §§ 42 and 43 are fully complied with. However it may be as to creditors, we think it plain that dissentient stockholders have no enforceable right of action or claim to relief under the provisions of G. L. c. 156, §§ 42, 43 and 46, until there shall have been a *de jure* change in the articles of organiza-

tion.   There is nothing in the decision of *Olympia Theatres,
Inc.* v. *Commonwealth,* 238 Mass. 374, *Cunningham* v. *Commissioner of Banks,* 249 Mass. 401, *Cosmopolitan Trust Co.* v.
*Wasserman,* 251 Mass. 514, *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 253 Mass. 205, *Commissioner of Banks*
v. *Tremont Trust·Co.* 259 Mass. 162 or *Mitchell* v. *Mitchell,
Woodbury Co.* 263 Mass. 160, which supports the contention of the plaintiff.

*Decrees affirmed with costs.*